*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# OPINION

No. 04-07-00576-CR

Bryan **MAES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-0226
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:    July 30, 2008

AFFIRMED

A jury found defendant, Bryan Maes, guilty of second degree robbery, and the trial court assessed punishment at sixty-five years' confinement and ordered restitution in the amount of $4,858.19. In ten issues on appeal, defendant complains: (1) the trial court denied him effective assistance of counsel; (2) the court admitted improper testimony from witnesses regarding the complainant's credibility; (3) the court admitted improper testimony from witnesses regarding defendant's post-arrest silence; (4) the court permitted the State to comment upon defendant's refusal

to testify; (5) the State failed to prove the amount of restitution owed to the complainant; and (6) the cumulative impact of the errors requires reversal. We affirm.

## BACKGROUND

On October 24, 2005, two men forced Amanda Kazerouni from her silver Mercedes C230 and demanded money. According to Kazerouni's testimony at trial, defendant faced her and pointed a gun at her while the other man stood behind her. When Kazerouni told the men she had no money, they patted her down and took her cell phone. Defendant drove away in Kazerouni's car with the other assailant in the front passenger seat. When police arrived, Kazerouni told them she thought she would be able to identify the defendant, but not the other assailant.

On October 29, 2005, a San Antonio police officer observed defendant, his brother, and a young woman standing near a silver Mercedes, which the officer determined had been reported stolen. Before the officer could make contact with them, the three jumped into the Mercedes and fled from police, resulting in a car chase that reached speeds of ninety miles per hour. When defendant lost control of the car, the occupants leapt out and hid in nearby bushes. All three were arrested for evading arrest. Defendant's brother had Kazerouni's identification in his pocket.

On November 1, 2005, police showed Kazerouni two photo arrays. One contained the image of defendant, whom she identified. She did not identify defendant's brother, whose image was in the second array. On November 2, 2005, defendant confessed to stealing Kazerouni's car, but he claimed to have acted alone while intoxicated, and that he was unarmed. Defendant's statement was read into evidence during his trial, and the jury returned a verdict of guilty on the lesser-included offense of robbery.

## FAILURE TO APPOINT NEW TRIAL COUNSEL

In his first issue on appeal, defendant complains he was prejudiced when the trial court denied his *pro se* motion to dismiss his court-appointed trial counsel without a hearing, thus denying him the right to effective assistance of counsel as guaranteed under the Sixth Amendment of the United States Constitution. Defendant contends he should have received new counsel because he and appointed counsel disagreed on trial strategy. Defendant also claims the court erred when it failed to conduct "a deeper factual inquiry into Mr. Maes'[s] motions," and instead overruled his motion.

We review the trial court's ruling whether to grant a motion to dismiss appointed counsel under an abuse of discretion standard. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). A trial court has no duty to search for counsel agreeable to a defendant. *Id*. Generally, personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal. *Id*. A defendant does not have the right to choose appointed counsel, and unless he waives his right to counsel and chooses to represent himself, or shows adequate reasons for the appointment of new counsel, he must accept court-appointed counsel. *Burks v. State*, 792 S.W.2d 835, 838 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd).

Defendant filed *pro se* a pretrial motion seeking the dismissal of appointed counsel, citing the "irreparable, antagonistic relationship between [d]efendant and appointed counsel . . . ." Defendant's motion also asked the court to appoint new counsel. On appeal, defendant complains the court did not duly consider the motion. However, the record makes clear the trial court did, in fact, consider the motion. Defendant's counsel announced, prior to the beginning of voir dire, that defendant wished to address the court. Defendant explained he had filed his motion previously and

had told his appointed counsel he no longer wanted his representation. However, defendant's only explanation to the court in support of his motion was that "I just don't — I don't want him to [be my] lawyer if I'm going to go to trial." The trial court noted the case was already on its eighth setting and overruled defendant's motion.

A defendant bears the burden of making the trial court aware of his dissatisfaction with counsel, stating his grounds for his dissatisfaction, and offering evidence in support of his complaint. *Hill v. State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985). Here, defendant admitted he had been able to confer with his counsel to discuss his case. However, when the court directed its attention to defendant's motion, he only offered a vague expression of dissatisfaction with his court-appointed counsel. On this record, we cannot conclude the trial court abused its discretion by denying defendant's motion to dismiss court-appointed counsel.

## WITNESS TESTIMONY REGARDING COMPLAINANT'S CREDIBILITY

In his second issue, defendant complains the court erred when it permitted the State to introduce improper lay witness testimony for the purpose of bolstering its witnesses' testimony.

During cross-examination of Kazerouni, defendant attempted to highlight differences between Kazerouni's statement to police immediately after the robbery and her account at trial, particularly with respect to whether defendant used a gun during the crime. In response, the State called San Antonio Police Department Officer Senovia Elizondo to the stand and asked him three times whether Kazerouni could accurately remember what had happened to her. Defendant objected each time on the ground that Kazerouni's memory was beyond the officer's personal knowledge. However, the State also asked Elizondo whether Kazerouni was credible, to which the officer replied that she was. Defendant did not object. Because Elizondo testified without objection to Kazerouni's

credibility, defendant has not preserved error for our review. *See Lane v. State*, 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004) ("An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.").

Defendant also complains the State asked SAPD Officer Robert Blanton later in the proceeding whether, in his experience, "young ladies surrender their Mercedes vehicles to individuals who just ask them to, or is it more common that they are, in fact, held at gunpoint and threatened with their lives if they don't give [them] up?" Defendant objected that the question called for speculation. Because defendant's trial objection does not comport with his "bolstering" complaint raised on appeal, this issue has not been preserved for review. TEX. R. APP. P. 33.1(a); *Knox v. State*, 934 S.W.2d 678, 687 (Tex. Crim. App. 1996).

## COMMENT ON DEFENDANT'S POST-ARREST SILENCE

Defendant's third, fourth and fifth issues relate to the admission of police testimony regarding his initial hesitance to answer questions after he was read his *Miranda* rights and before he confessed to the robbery. During trial, Officer Blanton testified that he read defendant his *Miranda* rights, and explained to defendant why he had been brought downtown to the police station. The State then asked Blanton, "how did [defendant] respond at first?" Blanton replied, "[defendant] was a little hesitant to talk." When asked if defendant denied "being involved in the event," Blanton stated, "No, . . . I think he had some concern about his brother, but he wasn't very forthcoming initially about the incident." Blanton then testified that defendant "[u]ltimately . . . told me that he — he took a vehicle that belonged to a girl." Defendant's statement was later read to the jury. On appeal, defendant characterizes Blanton's testimony as an improper comment on the exercise of his right to

remain silent, which he contends is a violation of his rights under our federal and state constitutions, as well as the Texas Code of Criminal Procedure.

Issues three, four, and five must be overruled for two reasons. First, the complained-of testimony was admitted without objection. Second, the record reflects defendant waived his post-arrest right to silence when he agreed to give a written statement to police after being warned of his constitutional rights, and he does not claim his waiver was involuntary. *See Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004) (considering defendant's "complaint about his right to remain silent 'during the time [between having his rights read to him and when] his statement was made'" to be flawed).

### COMMENT ON DEFENDANT'S REFUSAL TO TESTIFY

In his sixth, seventh, and eighth issues, defendant complains the trial court erred when it permitted the State to comment during voir dire on his refusal to testify. During voir dire, the State told the venire-panel: "If a defendant does not testify, his silence is not evidence and you don't hold it against him. You don't hold it against the State either because, you understand, we can't call him to the stand and make him admit his guilt."

When addressing a complaint of improper comments on a defendant's refusal to testify, we review the language from the standpoint of the jury. *Goff v. State,* 931 S.W.2d 537, 548 (Tex. Crim. App. 1996). The fact that the language might be construed as an implied or indirect allusion to a defendant's refusal to testify is not sufficient. *Id.* Where the statement does not refer to evidence that can come only from the defendant, then it is not a direct comment on a defendant's refusal to testify. *Id.* Here, the prosecutor's comments were not direct comments on defendant's refusal to testify.

## RESTITUTION

In his ninth issue, defendant complains the State failed to offer evidence in support of the amount of restitution ordered by the court. We review a trial court's imposition of restitution for an abuse of discretion. *See Campbell v. State,* 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). The amount of restitution ordered must be just and supported by a factual basis within the loss of the complainant. *Id.* At the punishment phase, Kazerouni testified she reported to the "PSI officer the loss was about $4,858." We conclude this evidence, which was admitted without objection or cross-examination, was adequate to support the restitution order. *See Burris v. State,* 172 S.W.3d 75, 78 (Tex. App.—Fort Worth 2005, no pet.) (holding that testimony from a victim of the crime with personal knowledge of the amount of expenses incurred was adequate to support a restitution order); *Maloy v. State,* 990 S.W.2d 442, 444-45 (Tex. App.—Waco 1999, no pet.) (same). Therefore, on this record we cannot conclude the trial court abused its discretion.

## NO CUMULATIVE ERROR

Finally, in his tenth issue, defendant contends the weight and number of the court's errors were sufficiently prejudicial to require reversal. However, having failed to show the trial court erred in any of his complaints, defendant cannot show cumulative error. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (holding that non-errors cannot cumulatively cause error).

## CONCLUSION

We overrule defendant's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice

Publish

-7-