*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00700-CR

Juan Jose **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-10329
Honorable Pat Priest, Judge Presiding[1]

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:    September 2, 2009

AFFIRMED AS REFORMED

     Juan Garcia appeals his convictions by a jury for one count of indecency with a child by

contact and one count of aggravated sexual assault of a child. The jury assessed Garcia's punishment

at 3 years confinement for his indecency with a child conviction and 10 years confinement for his

aggravated sexual assault conviction. On appeal, Garcia claims: (1) the evidence is insufficient to

---

[1] Sitting for the Honorable Sharon MacRae.

support his conviction for aggravated sexual assault of a child because there is no evidence he contacted the victim's sexual organ with his penis; (2) the trial court erred in denying his motion for directed verdict because there is no evidence he contacted the victim's sexual organ with his penis; (3) the trial court erred when it allowed the State to engage in improper bolstering of the complainant at trial; and (4) his rights under the Double Jeopardy Clause were violated when the jury was allowed to convict him of two offenses relating to the same fact scenario. We agree that Garcia's two convictions constitute unauthorized multiple punishments for the same offense. Therefore, we vacate Garcia's conviction for indecency with a child by contact and reform the trial court's judgment to reflect our decision. We affirm the judgment as reformed.

## BACKGROUND

The complainant, L.G., lived with her three brothers, mother, Lydia G. ("Lydia"), and mother's boyfriend, Garcia, at the time she made her outcry of abuse.[2] L.G. made her outcry to her maternal grandmother, Theresa P. ("Theresa"), after Theresa asked L.G. whether anyone had ever touched her inappropriately. L.G. "backed off" in response to Theresa's question and began crying. Theresa asked L.G. what was wrong and L.G. revealed to her that Garcia had sexually abused her. L.G. told Theresa that Garcia had taken out his "wee wee" one night and placed L.G. on top of him. L.G. subsequently underwent a sexual assault examination by Dr. Nancy Kellogg, and reported to Dr. Kellogg that Garcia had placed his private parts onto her private parts. L.G. indicated Garcia had placed her on top of him so that his private parts were touching her private parts. Garcia was later indicted for committing indecency with a child by contact and aggravated sexual assault of a child.

---

[2] To protect the privacy of the parties in this case, we identify the child by her initials and the child's mother and grandmother by their first names only.

Garcia pleaded not guilty to the charges against him and proceeded to a jury trial. The jury heard the testimony of several witnesses during trial, including Dr. Kellogg, Lydia, L.G., and Garcia. Dr. Kellogg testified about the physical examination she performed on L.G. following her outcry. Although Dr. Kellogg found no evidence of physical trauma, she explained the absence of medical evidence in examinations of sexually abused child victims is common. Dr. Kellogg also testified about the statements L.G. had made to her in connection with her examination. According to Dr. Kellogg, L.G. reported that Garcia had awakened her from her sleep one night and got her out of bed. Garcia then took her to another bedroom, where he pulled L.G.'s shorts down and "stuck his private parts down there." L.G. described the act that occurred as Garcia putting his private parts onto her private parts. Dr. Kellogg further testified L.G. had reported that Garcia positioned himself on his back and put her on top of him so that his private parts were touching her private parts.

L.G. testified Garcia took her into her brother's bedroom one night, placed her on top of him, and stuck out "his middle part." According to L.G., she was wearing her pajamas at the time Garcia stuck out "his middle part," which he did by pulling down his pants and underwear a "little bit." L.G. testified Garcia held onto her tightly and would not release her. Although L.G. had previously reported to Dr. Kellogg that Garcia had touched her private area with his penis, L.G. recanted her prior statement during trial and testified Garcia had only touched her leg with his penis over her pajamas.

Lydia testified she began noticing L.G.'s relationship with Garcia had changed even before her daughter made her outcry against Garcia. She stated she noticed L.G. seemed depressed and cried a lot. Lydia testified L.G. no longer wanted to be around Garcia and wanted him to leave the house. Lydia further testified that when she confronted Garcia about abusing her daughter, Garcia

apologized for his conduct. Garcia explained that he was drunk when it happened and begged Lydia to take him back.

Lastly, the jury heard Garcia testify in his own defense. Garcia denied having any inappropriate sexual contact with L.G. and stated he never admitted any wrongdoing to Lydia. Garcia testified he recalled an occasion where L.G. had fallen asleep with her brothers and wet the bed. Rather than making L.G. sleep in a wet bed, he moved L.G. to another bedroom. Garcia testified at no time did he place L.G. on top of him, touch L.G.'s genitals, or show L.G. his penis.

Following the testimony presented, the jury found Garcia guilty of indecency with a child by contact and aggravated sexual assault of a child. The jury assessed punishment at 3 years confinement for the indecency count and 10 years confinement for the aggravated sexual assault count. The trial court ordered Garcia's sentences to run concurrently, and this appeal followed.

### SUFFICIENCY OF THE EVIDENCE

Garcia challenges the legal and factual sufficiency of the evidence supporting his conviction for aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (2)(B) (Vernon 2003) (providing a person commits aggravated sexual assault of a child if he intentionally or knowingly causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor, and the child is younger than fourteen years of age). Garcia also claims the trial court erred in denying his motion for directed verdict because there is no evidence he contacted L.G.'s sexual organ with his penis. A complaint about a trial court's failure to grant a motion for directed verdict is a challenge to the legal sufficiency of the evidence, *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003); therefore, we review Garcia's challenges to the sufficiency of the evidence and the denial of his motion for directed verdict together.

When reviewing the legal sufficiency of the evidence, we consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "This standard accounts for the factfinder's duty 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Clayton*, 235 S.W.3d at 778 (quoting *Jackson*, 443 U.S. at 319). Thus, "in analyzing legal sufficiency, we 'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Id.* An appellate court's "review of 'all of the evidence' includes evidence that was properly and improperly admitted." *Id.*

When considering a factual sufficiency challenge, we look at the evidence in a neutral light giving almost complete deference to the jury's determinations of credibility. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We reverse only if the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust or if the evidence supporting the verdict is outweighed by the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

According to Garcia, the jury's aggravated assault verdict is not supported by the evidence due to L.G.'s recantation of the statements she previously made to Dr. Kellogg accusing him of having "genital to genital contact" with her. Garcia asserts L.G. persuasively testified at trial that she had no "genital to genital contact" with him. Because of L.G.'s recantation of her prior allegations of genital to genital contact with Garcia, Garcia contends Dr. Kellogg's testimony about L.G.'s prior out-of-court statements is insufficient to support the jury's guilty verdict. We disagree.

In the instant case, L.G., in connection with her medical examination, told Dr. Kellogg that Garcia had "stuck his private parts down there" and placed her on top of him so that his private parts were touching her private parts. Upon being called as a witness at trial, L.G. essentially recanted the statement she had previously given to Dr. Kellogg alleging that genital to genital contact had occurred with Garcia. Although L.G.'s trial testimony conflicted with her earlier statements, the jury, as factfinder, was free to disbelieve L.G.'s trial recantation. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (holding factfinder free to disbelieve complainant's trial recantation of earlier statements and that earlier statements were sufficient to support guilty verdict). The jury apparently disbelieved L.G.'s recantation of her prior statements concerning Garcia's "genital to genital contact," and we must defer to the jury's resolution of this matter. Because the jury found Dr. Kellogg's testimony about L.G.'s out-of-court statements concerning Garcia's "genital to genital contact" persuasive, we must reject Garcia's challenges to the sufficiency of the evidence. In sum, after reviewing all the evidence in the light most favorable to the prosecution, we conclude a rational jury could have found beyond a reasonable doubt that Garcia committed aggravated sexual assault against L.G. Moreover, when all of the evidence is viewed in a neutral light, we cannot say the jury's finding is clearly wrong or manifestly unjust, or that it is against the great weight and preponderance of the evidence.

## BOLSTERING OF THE COMPLAINANT

Garcia asserts the trial court allowed the State to engage in improper bolstering of the complainant at trial. He provides several record citations to support his argument. Garcia's first citation is to his motion in limine. However, a motion in limine, whether granted or denied, preserves nothing for appellate review. *Griggs v. State*, 213 S.W.3d 923, 926 n. 1 (Tex. Crim. App.

2007).  The remaining record references cited by Garcia relate to the State's examination of Dr.
Kellogg.  No "bolstering" objection is made by defense counsel on any of the pages of the record
cited by Garcia.

To preserve error for appellate review, an appellant must make a timely, specific objection
and obtain an adverse ruling. TEX. R. APP. P. 33.1(a); *Harrison v. State*, 187 S.W.3d 429, 433 (Tex.
Crim. App. 2005).  Additionally, an appellant's complaint on appeal must comport with the
objection made at trial; otherwise, the appellant has preserved nothing for review.  *Resendiz v. State*,
112 S.W.3d 541, 547 (Tex. Crim. App. 2003).  The record shows that after Dr. Kellogg explained
that the absence of physical trauma in sexually abused child victims is common, the State asked
Kellogg: "So the ultimate finding . . . is this child had a normal examination on April the 11th of
2007.  And yet in her statement of her experience she related genital to genital contact.  The
perpetrator's privates touching her privates.  Yesterday on the witness stand the . . . witness did not
say that –." Before Dr. Kellogg could answer, the court sustained the following objection from
Garcia: "I'm going to object to the question because he's putting in evidence testimony of other
witnesses, exact testimony."  Garcia's objection was simply not an objection to bolstering and is
thus insufficient to preserve his complaint for our review.  *See id.*

Nevertheless, even if we were to construe Garcia's objection to the prosecutor's question as
an objection to bolstering, Garcia's bolstering complaint is still not preserved for appellate review.
The record shows Garcia neither asked for a curative jury instruction to disregard the allegedly
improper question nor sought a mistrial from the trial court.  If the trial court sustains an appellant's
objection to a prosecutor's question, and if the appellant requests no further relief, no error is
presented because the appellant did not obtain an adverse ruling. *Paloma v. State*, 656 S.W.2d 229,

232 (Tex. App.—Austin 1983, no pet.). Because Garcia did not obtain an adverse ruling, the matter is not preserved for review.

Finally, Garcia focuses on portions of the record where the prosecution asks Dr. Kellogg whether she "consider[ed] embarrassment and sadness to be the equivalent of reticence or reluctance." Garcia lodged the following objection before Dr. Kellogg could answer: "Your Honor, I'm going to have to object to this. There could be a variety of reasons why the child might have been embarrassed. And now we're calling for some . . . speculative response." This court has previously recognized that an objection on the basis of "speculation" does not preserve a complaint as to bolstering for appellate review. *Maes v. State*, 275 S.W.3d 68, 72 (Tex. App.—San Antonio 2008, no pet.). Garcia's objection on the ground of "speculative" thus did not preserve his bolstering complaint for our review. *See id.*

### DOUBLE JEOPARDY

Lastly, Garcia argues his rights under the Double Jeopardy Clause were violated when the jury was allowed to convict him of two offenses relating to the same fact scenario. The State concedes that under the circumstances of this case, Garcia's convictions for indecency with a child by contact and aggravated sexual assault of a child constitute unauthorized multiple punishments for the same offense. *See, e.g., Evans v. State*, No. 04-08-00076-CR, 2008 WL 4862551, *2-3 (Tex. App.—San Antonio 2008, pet. granted) (mem. op., not designated for publication). We agree there is evidence of only one sexual act committed by Garcia and hold that Garcia's rights under the Double Jeopardy Clause were violated in this instance. Generally, when a defendant is convicted of multiple offenses that are the "same" for double jeopardy purposes, the conviction for the "most serious" offense should be retained and the other conviction should be set aside. *Ex parte Cavazos*,

203 S.W.3d 333, 337 (Tex. Crim. App. 2006). We therefore conclude Garcia's conviction for aggravated sexual assault of a child should be retained while his conviction for indecency with a child by contact should be vacated.

## Conclusion

Based on the foregoing, we must vacate Garcia's conviction for indecency with a child by contact and retain his conviction for aggravated sexual assault of a child. We therefore vacate Garcia's conviction for indecency with a child by contact and reform the trial court's judgment to reflect our decision. We affirm the judgment as reformed.

Catherine Stone, Chief Justice

DO NOT PUBLISH