# NOS. 12-10-00237-CR
# 12-10-00238-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JERMAINE RAY GORDY,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jermaine Ray Gordy appeals his convictions for unlawful possession of a firearm by a felon and delivery of between one and four grams of methamphetamine, for each of which he was sentenced to imprisonment for fifty years. In one issue, Appellant argues that the trial court abused its discretion in denying both his request for new appointed counsel and his attorney's motion to withdraw. We affirm.

### BACKGROUND

Appellant was charged by separate indictments with unlawful possession of a firearm by a felon, delivery of between one and four grams of methamphetamine, and engaging in organized criminal activity. Each indictment further alleged that Appellant had twice been previously convicted of a felony. On June 1, 2010, Appellant pleaded "guilty" to the charges of unlawful possession of a firearm by a felon and delivery of a controlled substance.[1]

---

[1]The record reflects that Appellant stipulated to the facts underlying the enhancement allegations in each cause. The charge of engaging in organized criminal activity was later dismissed.

On or about July 2, 2010, Appellant filed a handwritten request that the trial court appoint new counsel to represent him. Appellant's request states as follows:

> I[,] Jermaine R. Gordy[,] would like to request new counsel. My current attorney is John Jarvis. Mr. Jarvis has been ineffective in my case and does not appear to me to have my interest as a priority. He has been misleading and he has tried to manipulate me into a plea that I am very uncomfortable with. I am sorry to inconvenience you and the court with this matter. I just do not trust Mr. Jarvis with my case and I would feel more comfortable with another attorney handling my case. I would greatly appreciate it if you would be so kind to grant this request. Thank you.

On July 8, 2010, the trial court conducted a hearing on Appellant's counsel's motion to withdraw, which was filed that same day in accord with Appellant's request that the trial court appoint new counsel to represent him. During the hearing, Appellant explained in greater detail the reasons underlying his request as follows:

> After I come in the first time, I looked at the – from the evidence and went over the discovery pack. And just from looking at that, I had maybe questions about the guilty on one of my charges. And then after speaking with him, and what the options were, I thought maybe I might have a better opportunity to have a better chance, maybe, if I had different counsel.
>
> ….
>
> Well, when I went – at first, when I seen everything, I pleaded – I went ahead and went with the open plea. And he had come and saw me again, I asked to see some of the evidence that they had. And after seeing that, I just had – there was some doubts about whether – I just had some doubts about some of the evidence.
>
> And I thought maybe I could go over that – a different approach maybe. And nothing's changed. So I thought maybe having different counsel, maybe they'd have a different strategy or something to help get a better, I guess, agreement.

The trial court denied Appellant's counsel's motion to withdraw. Thereafter, the trial court asked Appellant if he wanted to withdraw his "guilty" plea and proceed to trial before a jury. Appellant answered that he did not.

On July 12, 2010, a trial on punishment was conducted. Ultimately, the trial court found the enhancement allegations to be "true" and sentenced Appellant to imprisonment for fifty years in each cause. This appeal followed.

### REQUEST FOR APPOINTMENT OF NEW COUNSEL AND MOTION TO WITHDRAW

In his sole issue, Appellant argues that the trial court abused its discretion in denying both his request for new appointed counsel and his attorney's motion to withdraw. We review the trial court's ruling whether to grant a motion to dismiss appointed counsel under an abuse of

2

discretion standard. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); *Maes v. State*, 275 S.W.3d 68, 71 (Tex. App.–San Antonio 2008, no pet.). A trial court has no duty to search for counsel agreeable to a defendant. *King*, 29 S.W.3d at 566; *Maes*, 275 S.W.3d at 71. Generally, personality conflicts and disagreements concerning trial strategy are not valid grounds for withdrawal. *King*, 29 S.W.3d at 566; *Maes*, 275 S.W.3d at 71. A defendant does not have the right to choose appointed counsel, and unless he waives his right to counsel and chooses to represent himself, or shows adequate reasons for the appointment of new counsel, he must accept court appointed counsel. *Maes*, 275 S.W.3d at 71.

Here, Appellant explained to the trial court that upon his further review of the discovery evidence provided by the State, he doubted the strength of the State's case and believed that if a different attorney was appointed to represent him, that attorney possibly would have a better strategy for securing him a "better" plea agreement. We initially note that Appellant entered an "open" plea of guilty to the possession of a firearm and the delivery of a controlled substance charges. The State was under no obligation to offer Appellant a plea agreement. *See Morano v. State*, 572 S.W.2d 550, 551–52 (Tex. Crim. App. [Panel Op.] 1978) (defendant in Texas has neither constitutional or statutory right to plea bargain for particular punishment or reduced charge); *cf. Moore v. State*, 295 S.W.3d 329, 332 (Tex. Crim. App. 2009) (only the state may offer or withdraw a plea bargain). Further, there is no evidence in the record that the State's failure to offer Appellant a plea bargain was a result of any act or omission on Appellant's counsel's part. Ultimately, Appellant's reasons underlying his request for new appointed counsel amount to a disagreement with his attorney's strategy in the plea bargaining process. Because disagreements concerning trial strategy are typically not valid grounds for withdrawal and because there is no indication in the record that Appellant's pleas of "guilty" were involuntary, we hold that the trial court did not abuse its discretion in declining to appoint new counsel to represent Appellant. Further, because Appellant's counsel's motion to withdraw was based upon the reasons underlying Appellant's request that he be appointed new counsel, we hold that the trial court did not abuse its discretion in overruling this motion. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgments.

**B<u>RIAN</u> H<u>OYLE</u>**
Justice


Opinion delivered March 31, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

4