NOS. 12-10-00237-CR

          12-10-00238-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JERMAINE RAY GORDY,                               '                 APPEAL
FROM THE 7TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH
COUNTY, TEXAS







MEMORANDUM
OPINION

            Jermaine
Ray Gordy appeals his convictions for unlawful possession of a firearm by a
felon and delivery of between one and four grams of methamphetamine, for each
of which he was sentenced to imprisonment for fifty years.  In one issue,
Appellant argues that the trial court abused its discretion in denying both his
request for new appointed counsel and his attorney’s motion to withdraw.  We
affirm.

 

Background

            Appellant
was charged by separate indictments with unlawful possession of a firearm by a
felon, delivery of between one and four grams of methamphetamine, and engaging
in organized criminal activity.  Each indictment further alleged that Appellant
had twice been previously convicted of a felony.  On June 1, 2010, Appellant
pleaded “guilty” to the charges of unlawful possession of a firearm by a felon
and delivery of a controlled substance.[1] 


On
or about July 2, 2010, Appellant filed a handwritten request that the trial
court appoint new counsel to represent him.  Appellant’s request states as
follows:  

 

I[,] Jermaine R. Gordy[,] would like to request new
counsel.  My current attorney is John Jarvis.  Mr. Jarvis has been ineffective
in my case and does not appear to me to have my interest as a priority.  He has
been misleading and he has tried to manipulate me into a plea that I am very
uncomfortable with.  I am sorry to inconvenience you and the court with this
matter.  I just do not trust Mr. Jarvis with my case and I would feel more
comfortable with another attorney handling my case.  I would greatly appreciate
it if you would be so kind to grant this request.  Thank you.

 

 

On July 8, 2010,
the trial court conducted a hearing on Appellant’s counsel’s motion to withdraw,
which was filed that same day in accord with Appellant’s request that the trial
court appoint new counsel to represent him.  During the hearing, Appellant
explained in greater detail the reasons underlying his request as follows:

 

After I come in the first time, I looked at the – from
the evidence and went over the discovery pack.  And just from looking at that,
I had maybe questions about the guilty on one of my charges.  And then after
speaking with him, and what the options were, I thought maybe I might have a
better opportunity to have a better chance, maybe, if I had different counsel. 


….

 

Well, when I went – at first, when I seen everything,
I pleaded – I went ahead and went with the open plea.  And he had come and saw
me again, I asked to see some of the evidence that they had.  And after seeing
that, I just had – there was some doubts about whether – I just had some doubts
about some of the evidence.

  

And I thought maybe I could go over that – a different
approach maybe.  And nothing’s changed.  So I thought maybe having different
counsel, maybe they’d have a different strategy or something to help get a
better, I guess, agreement.

 

The trial court
denied Appellant’s counsel’s motion to withdraw.  Thereafter, the trial court
asked Appellant if he wanted to withdraw his “guilty” plea and proceed to trial
before a jury.  Appellant answered that he did not.  

            On July
12, 2010, a trial on punishment was conducted.  Ultimately, the trial court
found the enhancement allegations to be “true” and sentenced Appellant to
imprisonment for fifty years in each cause.  This appeal followed.

 

Request for Appointment of New Counsel and
Motion to Withdraw

            In
his sole issue, Appellant argues that the trial court abused its discretion in
denying both his request for new appointed counsel and his attorney’s motion to
withdraw.  We review the trial court’s ruling whether to grant a motion to
dismiss appointed counsel under an abuse of discretion standard.  King v.
State, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); Maes v. State,
275 S.W.3d 68, 71 (Tex. App.–San Antonio 2008, no pet.).  A trial court has no
duty to search for counsel agreeable to a defendant.  King, 29
S.W.3d at 566; Maes, 275 S.W.3d at 71.  Generally,
personality conflicts and disagreements concerning trial strategy are not valid
grounds for withdrawal.  King, 29 S.W.3d at 566; Maes,
275 S.W.3d at 71.  A defendant does not have the right to choose appointed
counsel, and unless he waives his right to counsel and chooses to represent
himself, or shows adequate reasons for the appointment of new counsel, he must
accept court appointed counsel. Maes, 275 S.W.3d at 71.

            Here,
Appellant explained to the trial court that upon his further review of the
discovery evidence provided by the State, he doubted the strength of the
State’s case and believed that if a different attorney was appointed to
represent him, that attorney possibly would have a better strategy for securing
him a “better” plea agreement.  We initially note that Appellant entered an
“open” plea of guilty to the possession of a firearm and the delivery of a
controlled substance charges.  The State was under no obligation to offer
Appellant a plea agreement.  See Morano v. State, 572 S.W.2d 550,
551–52 (Tex. Crim. App. [Panel Op.] 1978) (defendant in Texas has neither constitutional
or statutory right to plea bargain for particular punishment or reduced charge);
cf. Moore v. State, 295 S.W.3d 329, 332 (Tex. Crim. App. 2009) (only
the state may offer or withdraw a plea bargain).  Further, there is no evidence
in the record that the State’s failure to offer Appellant a plea bargain was a
result of any act or omission on Appellant’s counsel’s part.  Ultimately,
Appellant’s reasons underlying his request for new appointed counsel amount to
a disagreement with his attorney’s strategy in the plea bargaining process. 
Because disagreements concerning trial strategy are typically not valid grounds
for withdrawal and because there is no indication in the record that
Appellant’s pleas of “guilty” were involuntary, we hold that the trial court
did not abuse its discretion in declining to appoint new counsel to represent
Appellant.  Further, because Appellant’s counsel’s motion to withdraw was based
upon the reasons underlying Appellant’s request that he be appointed new
counsel, we hold that the trial court did not abuse its discretion in
overruling this motion.  Appellant’s sole issue is overruled.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgments.

 

 

                                                                                    Brian Hoyle

                                                                                            
Justice

 

 

 

Opinion delivered March 31, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 




 









[1]The
record reflects that Appellant stipulated to the facts underlying the
enhancement allegations in each cause.  The charge of engaging in organized
criminal activity was later dismissed.