**Affirmed; Opinion Filed July 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00693-CR

### RICHARD PIPER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1358792-Q**

# MEMORANDUM OPINION

Before Chief Justice Wright, Justice Brown, and Justice Stoddart
Opinion by Justice Stoddart

Richard Piper pleaded guilty to burglary of a habitation, and the trial court sentenced him to ninety-nine years' confinement. In a single issue, Piper argues the trial court erred by denying his request to appoint new counsel. We affirm the trial court's judgment.

After Piper was indicted, the trial court appointed counsel to represent him. Approximately nine months later, the trial court received a hand-written letter from Piper stating he had not "heard anything from my lawyer in eight months." He stated his family had attempted to contact his lawyer without success, and his lawyer did not have any interest in his case. Four days later, Piper entered an open plea. Piper's counsel signed the plea agreement.

Fifteen days before Piper entered his plea, the judge asked Piper about his request for a new lawyer. Piper told the judge he had not met with his lawyer during the nine months he had

been incarcerated, stated he did not feel comfortable with his counsel because they had not spent time together, complained his lawyer had not sufficiently investigated his case, and said he had not spoken to his counsel enough to understand his case. Piper said his lawyer only encouraged him to accept a plea offer. Piper admitted he had not sent any letters to his lawyer, and had not given his counsel a list of potential witnesses or his possible defenses.

Piper did not deny that his attorney had been in contact with his family. Piper's lawyer told the court he had been in contact with Piper's fiancée. The trial court asked an unidentified woman whether that was true, and she told the trial judge she had been in contact with Piper's lawyer and she would relay information to Piper.

Piper's counsel also told the judge that recordings of jail-house calls would reflect conversations in which Piper says he has talked to his lawyer. He said he talked to Piper via videoconference. His lawyer continued:

> And, of course, as I went and sat down and talked to him, I went through every single piece of the evidence, blow by blow by blow, of both cases last week when we met at the jail, face-to-face. And I—and I asked him, specifically—he kind of gave me the outline of the case, same outline I gave him. And, obviously, the conversation—he had every opportunity to tell me everything he wanted to tell me about this case. But I will tell the Court that most of the conversation focused on his uncomfortableness with me, as well as his lack of agreement with the offers that were being made. I mean, most of the time we spent talking was around how much time they were offering him, rather than the facts of the case.

We review the trial court's denial of Piper's request for new counsel for an abuse of discretion. *See generally King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) (review counsel's request to withdraw for abuse of discretion); *see also Garrett v. State*, No. 05-11-00304-CR, 2012 WL 3089314, at *3 (Tex. App.—Dallas July 27, 2012, pet. ref'd) (mem. op., not designated for publication) ("An appellate court reviews a trial court's ruling on a motion for new counsel under an abuse of discretion standard."). Unless the defendant effectively waives his right to counsel or shows adequate cause for appointment of a different attorney, such as a

–2–

conflict of interest, the defendant must accept counsel assigned by the court. *Garrett*, 2012 WL 3089314, at \*2 (citing *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977); *Maes v. State*, 275 S.W.3d 68, 71 (Tex. App.—San Antonio 2008, no pet.); *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); TEX. CODE CRIM. PROC. ANN. art. Art. 26.04(j)(2) (authorizing removal of appointed counsel for "good cause")).

A defendant dissatisfied with his appointed counsel must bring the matter to the court's attention and bears the burden of proving he is entitled to a change of counsel. *Garrett*, 2012 WL 3089314, at \*3 (citing *Stephenson v. State*, 255 S.W.3d 652, 655 (Tex. App.—Fort Worth 2008, pet. ref'd) (mem. op.) (per curiam)); *see also Malcolm v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982); *Webb v. State*, 533 S.W.2d 780, 784 n. 3 (Tex. Crim. App. 1976). Generally, conclusory allegations of conflicts of interest, disagreements on trial strategy, and personality conflicts are insufficient to satisfy the defendant's burden. *Garrett*, 2012 WL 3089314, at \*3 (citing *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); *Carroll*, 176 S.W. 3 at 257). When a defendant seeks a last-minute change of counsel and does not waive counsel and assert the right to self-representation, the trial court may compel the defendant to proceed to trial with the attorney he has. *Garrett*, 2012 WL 3089314, at \*3 (citing *Burgess v. State*, 816 S.W.2d 424, 429 (Tex. Crim. App. 1991); *Carroll*, 176 S.W.3d at 256, 257–58).

Although Piper asserts he showed he was entitled to new counsel because his counsel did not have sufficient contact with him, we agree with the State that Piper failed to meet his burden. Piper's counsel informed the trial judge that recordings of jail-house calls would reflect conversations in which Piper said he talked to his lawyer. He also said he spoke to Piper via videoconference. Piper did not dispute these statements by his lawyer. Additionally, Piper admitted he made no effort to contact his attorney and assist with his defense. Although Piper's

letter to the trial court stated his family had unsuccessfully attempted to contact his lawyer for months, Piper admitted to the trial court that his counsel had been in contact with his fiancée.

The record also shows counsel did contact Piper and, prior to Piper entering his plea, counsel "went through every single piece of the evidence, blow by blow by blow, of both cases last week when we met at the jail, face-to-face." While the record shows Piper's general dissatisfaction with his counsel, that is insufficient to satisfy his burden. *See Garrett*, 2012 WL 3089314, at *3.

We conclude Piper did not show he was entitled to a different lawyer and the trial court did not abuse its discretion by denying Piper's request for new counsel, and we overrule Piper's sole issue. We affirm the trial court's judgment.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
140693F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICHARD PIPER, Appellant

No. 05-14-00693-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1358792-Q.
Opinion delivered by Justice Stoddart.
Chief Justice Wright and Justice Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of July, 2015.