In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00301-CR
_____

TERESA PIXLEY CREW, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. 24041

**MEMORANDUM OPINION**

Appellant Teresa Pixley Crew appeals the trial court's order requiring her to pay restitution as a result of her pleading guilty to hindering a secured creditor. Crew argues the evidence is insufficient to support the amount of the trial court's restitution order. Crew also complains the trial court erred by limiting testimony she contends was relevant to determining the proper amount of restitution. We affirm the trial court's restitution order.

1

## Background

Crew pleaded guilty to hindering a secured creditor, a state jail felony. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 32.33, 1993 Tex. Gen. Laws 3586, 3646 (amended 2015) (current version at Tex. Penal Code Ann. § 32.33 (West Supp. 2015)). In carrying out the plea bargain agreement, the trial court sentenced Crew to two years in state jail and ordered that Crew pay restitution in an amount to be determined at a hearing, but suspended the imposition of the sentence and placed Crew on community supervision for five years. Two months later, the trial court conducted a restitution hearing and ordered that Crew pay restitution in the amount of $7,139.64.

During the restitution hearing, the victim's son, Robert Smith, testified that in the middle part of 2012, his father, S.S., was diagnosed with Alzheimer's disease and dementia. Due to S.S.'s diagnosis, Smith was designated as S.S.'s guardian with financial and medical power of attorney. In October 2012, Smith discovered that Crew had entered into an agreement with S.S. to purchase S.S.'s vehicle, which was in excellent condition with low mileage. At that time, Smith was S.S.'s guardian, but Smith did not take any action regarding the agreement because Crew was making timely payments.

When Crew stopped making payments in June or July of 2013, Smith contacted her via text messages in an attempt to get the vehicle back. Crew refused to return the vehicle. After failing to locate the vehicle, Smith contacted the police department and the vehicle was found in an impound yard in Chicago, Illinois. In January 2014, Smith traveled to Chicago with one of his employees to retrieve the vehicle, which was damaged. Smith testified that the trip cost $3,358.56 and included expenses for fuel, lodging, food, transportation and impound fees. He also testified that he spent $4,168.08 to repair the front bumper of the vehicle, scratches, and dents. The total amount Smith spent to recover and repair the vehicle was $7,526.64.

On cross-examination, Smith testified that he sold the vehicle after he had it repaired. When Crew's counsel asked Smith who bought the vehicle and how much he sold it for, Smith stated that he did not think that the information was relevant, and the State objected based on relevance. Crew's counsel argued that Crew had a right to an offset for the amount Smith received from the sale of the vehicle. The prosecutor responded that the requested information was not relevant because Smith was trying to collect the out-of-pocket expenses he incurred in recovering the vehicle and not trying to collect the debt. The trial court sustained

3

the State's relevance objection, disallowing Crew's counsel to ask questions regarding the sale.

Crew testified at the restitution hearing concerning the damage to the vehicle. Crew claimed that the vehicle had scratches when she purchased it, but admitted that the bumper was not damaged. Crew testified that she stopped paying for the vehicle because she was fired and that she went to Chicago to find a job. While in Chicago, she was arrested for possessing a stolen vehicle and the vehicle was impounded. After hearing the evidence, the trial court ordered Crew to pay $7,139.64 in restitution as a condition of her community supervision. The trial court did not provide an explanation as to the variance between Smith's testimony showing $7,526.64 in out-of-pocket expenses and the lesser amount of restitution ordered.

Crew filed a motion for new trial and motion in arrest of judgment, arguing the trial court failed to consider relevant evidence in determining the amount of restitution she owed. The trial court denied Crew's motion for new trial. Crew appeals the trial court's determination of the restitution amount.

## Issues

In issue one, Crew argues the trial court abused its discretion by ordering restitution because the evidence is insufficient to support the amount of restitution

ordered. Crew contends the proper amount of restitution in a hindering a secured creditor case is the value of the secured property at the time of the offense. Crew complains the State failed to carry its burden of proving the amount of the victim's loss because the record is entirely devoid of any evidence regarding how much Crew paid for the vehicle, the fair market value of the vehicle at the time of the offense, and the total amount recovered by the victim. According to Crew, for the restitution amount to be "just[,]" the trial court should have deducted the amount of any monthly payments that Crew made, any windfall the victim may have realized by selling the vehicle, and any insurance proceeds the victim may have received.

We review Crew's challenge to the restitution order under an abuse of discretion standard. *See Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd). An abuse of discretion occurs if the trial court acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). A trial court abuses its discretion when it sets restitution in an amount that is unjust or unsupported by the record. *See Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). Although Crew failed to object to the restitution amount during the hearing, Crew's complaint that the trial court's restitution order is not supported by sufficient evidence may be urged for the first time on appeal. *See*

5

*Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010); *Idowu v. State*, 73 S.W.3d 918, 922 (Tex. Crim. App. 2002).

A sentencing court may order a defendant to pay restitution to the victim of an offense. Tex. Code Crim. Proc. Ann. art. 42.037(a) (West Supp. 2015);[1] *Hanna v. State*, 426 S.W.3d 87, 92 (Tex. Crim. App. 2014). The State must prove, by a preponderance of the evidence, the amount of loss or expense sustained by the victim as a result of the offense. Tex. Code Crim. Proc. Ann. art. 42.037(k) (West Supp. 2015); *Cabla v. State*, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999) (limiting the amount of restitution to only the losses or expenses that the victim proved he suffered). In determining the amount of restitution to be ordered, the trial court shall consider the amount of the loss sustained by the victim, the amount paid to the victim by the compensation to victims of crime fund, and other factors the court deems appropriate. Tex. Code Crim. Proc. Ann. art. 42.037(c) (West Supp. 2015). The trial court must resolve any disputes relating to the proper amount or type of restitution. *Id.* art. 42.037(k). However, the amount of restitution ordered (1) must be just and supported by a factual basis within the loss of the victim, (2) must be for the offense for which the defendant is criminally responsible, and (3)

---

[1]We cite to the current version of article 42.037 of the Texas Code of Criminal Procedure because the subsequent amendments do not affect the outcome of this appeal.

6

must be for the victim of the offense for which the defendant is charged. *See Campbell*, 5 S.W.3d at 696-97; *Cantrell*, 75 S.W.3d at 512.

At the restitution hearing, the trial court heard detailed evidence about the specific expense amounts that Smith incurred as a result of Crew's actions. Smith testified, without objection, that he incurred $7,526.64 in out-of-pocket expenses to travel to Chicago, retrieve the vehicle from the impound yard, transport the vehicle back to Texas, and repair the damages. During cross-examination, the only expenses that Crew challenged were the $137 expense for a taxi and the $4,168.08 in repairs. The trial court determined that $7,139.64 would fairly compensate Smith.

While the record fails to show why the trial court ordered restitution in an amount less than what Smith had testified to, the trial court's decision could have been based on Crew's testimony that the vehicle had some damage when she purchased it. Because Smith's testimony provided a factual basis for the trial court to determine restitution, the trial court did not abuse its discretion in ordering $7,139.64 as restitution. *See Campbell*, 5 S.W.3d at 696. We conclude the evidence is legally sufficient to support the order of restitution. *See Maes v*. State, 275 S.W.3d 68, 70, 73 (Tex. App.—San Antonio 2008, no pet.) (holding that testimony

from a victim about the amount of loss incurred due to her car being stolen was sufficient to support a restitution order). We overrule issue one.

In issue two, Crew complains the trial court erred by sustaining the State's relevance objection when her trial counsel attempted to elicit testimony concerning the amount Smith received from the sale of the vehicle. Crew argues that the excluded testimony was relevant because it would have provided some evidence as to the vehicle's fair market value at the time the offense occurred, thereby showing whether she was entitled to an offset if Smith had received more than what she owed on the vehicle.

We review a trial court's evidentiary decisions under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). "A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party[.]" Tex. R. Evid. 103(a); *see* Tex. R. App. P. 44.2(b). We will not reverse a conviction if "we have fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but slight effect." *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008).

While Crew complains the trial court prevented her counsel from cross-examining Smith about the amount he received from the sale of the vehicle, the record shows that Crew failed to make an offer of proof showing what the

excluded testimony would have been. To preserve error regarding a trial court's decision to exclude evidence, the complaining party must make an offer of proof which sets forth the substance of the proffered evidence. Tex. R. Evid. 103(a)(2); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). Crew has failed to preserve her issue two complaint for appeal. *See* Tex. R. Evid. 103(a)(2); *Mays*, 285 S.W.3d at 891.

Even assuming the trial court erred by excluding Smith's testimony, the record indicates that the exclusion of the testimony did not affect Crew's substantial rights. *See* Tex. R. Evid. 103(a). The value of the property is relevant to determining the amount of restitution when the property is damaged and the return of the property is impossible or impractical or is an inadequate remedy. *See* Tex. Code Crim. Proc. Ann. art. 42.037(b)(1)(B) (West Supp. 2015); *see also* Tex. R. Evid. 401 (defining relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence). In this case, the return of the property was not impossible or an inadequate remedy. *See* Tex. Code Crim. Proc. Ann. art. 42.037(b)(1)(B). Smith, through his own efforts, recovered the vehicle and sought restitution for the actual expenses he incurred to recover the vehicle and to repair its damages. *See id.* art. 42.037(b)(1), (c). Because testimony

regarding the subsequent sale of the vehicle was not relevant to the amount of loss Smith sustained as a result of Crew's actions, the excluded testimony did not affect Crew's substantial rights. *See* Tex. R. Evid. 103(a); *see also* Tex. R. App. P. 44.2(b); *Taylor*, 268 S.W.3d at 592. We overrule issue two.

Having overruled both of Crew's issues on appeal, we affirm the trial court's restitution order.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 3, 2016
Opinion Delivered June 29, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.