## LEONARD WILSON V. THE STATE.

### No. 9811.  Delivered January 27, 1926.

### Rehearing denied February 24, 1926.

#### 1.—Sale of Intoxicating Liquor—Charge of Court—Defensive Issue—Properly Presented.

Where the defensive issue on a trial for selling intoxicating liquor is that appellant was acting as the agent of the purchasers, and not of the bootlegger from whom he testified he secured the whiskey, was correctly presented in the court's main charge, there was no error in refusing requested charges submitted by appellant covering the same issue.

#### 2.—Same—Bill of Exceptions—Qualification of Court—Appellant Bound By.

Where the appellant complains by bills of exception of the court's charge and argument of counsel, and such bills are so qualified by the court that no error is shown, appellant having accepted such bills, as qualified, is bound by such qualifications.

#### 3.—Same—Evidence—Of Price of Whiskey—Properly Admitted.

We find no error in appellant's complaint that the state was permitted on cross-examination to prove by him that the price of a quart of whiskey in Cooper was generally known to be $6.00 and especially in view of the fact that all the testimony shows that the quart of whiskey in controversy cost the witness Traylor $6.00.

#### 4.—Same—Evidence—Held, Sufficient.

Where, on a trial for the sale of intoxicating liquor, the evidence conclusively showed that the appellant was instrumental in bringing the sale about, that he placed the liquor in the place where the purchaser found it, and received the purchase price of same, we are unable to reach the conclusion that the jury, under appropriate instructions, erred in deciding the issues of fact against the appellant, and in favor of the state.

#### ON REHEARING.

#### 5.—Same—Charge of Court—Defining Sale—When Not Necessary.

Where, on the trial for the sale of intoxicating liquor, the undisputed facts make out a sale, there is no necessity for the court in his charge to define a sale.  Such definition may become necessary however, in cases where there may be some uncertainty as to whether or not the facts proven do constitute a sale.

Appeal from the District Court of Delta County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*C. C. McKinney* of Cooper, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Delta County for selling intoxicating liquor, and his punishment assessed at one year in the penitentiary.

Briefly stated the contention of the state in this case was that the appellant, either sold the whiskey in question to the prosecuting witness Traylor, or was interested in the sale with a person denominated by the appellant as a "bootlegger," or in fact was representing said "bootlegger," in bringing about said sale to said Traylor. Appellant's contention was that he had no interest in said whiskey whatever, and was obtaining same from the "bootlegger" solely for said witness Traylor.

There are several objections raised by the appellant to the court's charge, and his refusal to give special charges to the jury pertaining to his defense and to the effect that if he were representing said Traylor, to acquit him. We have carefully examined said special charges and the objections to the court's general charge, and are of the opinion that the appellant shows no error in the matters complained of. The court properly charged the jury that if they should find that the defendant unlawfully sold said liquor to the witness Traylor, or if said appellant in securing said whiskey for said Traylor was acting for said stranger or "bootlegger" then in either event to find him guilty. On the other hand he charged the jury that if they believed from the evidence that he was requested by said Traylor to get him some whiskey, and in pursuance to said request, did get some whiskey for Traylor from a "bootlegger" and was acting for said Traylor therein, to acquit him. We think the learned judge fairly and amply covered all phases of the case raised by the testimony, and committed no error in his general charge or in his refusal to give any special charges requested by the appellant concerning the issues which were raised by the testimony.

The appellant also complains of the action of the court in sub-

mitting his defense under what was styled a supplemental charge, and that the court should have given one of his special charges in lieu thereof, because the jury might not give the supplemental charge the same consideration that they would give to the main charge, and also objected to the argument of the district attorney to the effect that the court gave the supplemental charge because of there being little evidence in the case showing that the defendant was agent for the said Traylor, and because it is contended in said bill that the court should have instructed the jury to give the same weight to the supplemental charge that they gave to the court's main charge. We find that the court in qualifying this bill, states that he instructed the jury orally at the time he gave the supplemental charge that it was just as binding as the main charge. Under the well known rule announced by this court relative to bills of exceptions being accepted. with qualifications, same is binding on the appellant, it is hardly necessary for us again to state that the appellant is bound by said qualification of said bill and that same shows no error in the respect complained of.

Complaint is made to the action of the court in permitting the state to ask the appellant on cross-examination if the price of a quart of whiskey in Cooper was generally known to be $6.00, to which the appellant replied there was different prices. We see no error in this bill, and especially in view of the fact that all the testimony shows that the quart of whiskey in controversy cost the witness Traylor $6.00.

Appellant complains in bill of exception 11 of the action of the court in permitting the state to ask the appellant on cross-examination relative to his swearing before the grand jury concerning his knowledge of any sales of whiskey at the times inquired about, and evidently for the purpose of attempting to impeach the testimony of the appellant thereby on the evidence that he was then giving to the jury. The bill as presented shows no error.

Appellant also insists that the court erred in not giving peremptory instructions in his behalf, and that the evidence is insufficient to warrant his conviction. The evidence clearly shows that the appellant was instrumental in bringing the sale about, in having the whiskey placed behind the screen, and told the witness Traylor where it was, and received the pay for it. After a careful examination of the entire testimony we are unable to reach the conclusion that the jury under appropriate instructions from the court, erred in deciding the issues of fact

against the appellant and in favor of the state. Finding no error in the record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The facts in this case show that the alleged purchaser of the intoxicating liquor testified that he applied to appellant for some whiskey; that appellant told him he thought he could get it; that later appellant told him the whiskey was behind a certain screen, and that the price was $6.00; that witness paid appellant said money, went behind the screen and got the whiskey. This plainly appears to be a sale, and we perceive no need for a charge defining a sale. The only issue in the case was as to whether appellant acted for the seller or the purchaser in such sale, and this theory was fully submitted in the charge of the court.

In his motion appellant urges his objection to a remark claimed to have been made by the state's attorney to the effect that there was little evidence supporting the proposition that appellant was the agent of the purchaser in the alleged sale, and that the supplemental charge had slight support. The bill referred to seems to have been reserved wholly upon another ground and in no way presents any complaint of appellant directed at the remark of the district attorney. In this condition no error is presented, and the motion for rehearing is overruled.

*Overruled.*