Louis D. ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 42637.

Court of Criminal Appeals of Texas.

Feb. 25, 1970.

Alfred J. Bonner, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ted Hirtz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

In his sole contention appellant contends the State failed to sustain its burden of proof at the penalty stage of the bifurcated trial as to the allegations of the two prior non-capital felony convictions alleged for enhancement.

The State offered into evidence the authenticated copies of the records of the Texas Department of Corrections relating to the two prior convictions which included certified copies of the judgments and sentences, photographs and two sets of fingerprints. It was shown by the testimony of a fingerprint expert that such fingerprints were identical with fingerprints recently taken from the appellant. This method of proof of prior convictions alleged for enhancement has been consistently approved by this Court. Broussard v. State, Tex. Cr.App., 363 S.W.2d 143; Vessels v. State, Tex.Cr.App., 432 S.W.2d 108; 1 Branch's Anno.P.C., 2nd ed., Sec. 699.

To prove that the second conviction alleged to enhance the punishment was for a non-capital felony committed after the conviction for the first non-capital felony (April 7, 1960), the State called a deputy district clerk and introduced into evidence the original indictment from such second conviction. Such indictment charged the felony theft of an automobile from one Clifton Payne "on or about the 28th day of July, A.D., 1963." Such evidence was followed by the testimony of the investigating officer who related that Clifton Payne's automobile was stolen on July 28, 1963, and that he was in court on October 17, 1963, when appellant entered a plea of guilty to such charge. This was similar to the procedure utilized and approved in Gomez v. State, Tex.Cr.App., 365 S.W.2d 176; Mackie v. State, Tex.Cr.App., 367 S.W.2d 697; Broussard v. State, Tex.Cr.App., 363 S.W.2d 143; Platt v. State, Tex.Cr.App., 402 S.W.2d 898 and Richardson v. State, Tex.Cr.App., 432 S.W.2d 100. Cf. Stoneham v. State, Tex.Cr.App., 389 S.W.2d 468. See also Wheat v. State, Tex.Cr.App., 442 S.W.2d 363.

The appellant offered no evidence at such hearing.

It appears clear that the State sustained its burden of proof and the evidence is sufficient to sustain the jury's verdict that appellant was one and the same person so previously convicted as alleged in the indictment.

The judgment is affirmed.

MORRISON, J., not participating.