**L. V. CLEVELAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45754.

Court of Criminal Appeals of Texas.

April 11, 1973.

Rehearing Denied May 1, 1973.

Quinn Brackett, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Ronald M. Jackson, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This is an appeal from a conviction of the offense of sale of a dangerous drug, to-wit: barbiturate. Two prior convictions of felonies less than capital were used for enhancement, and punishment was assessed at life.

■ The appellant, in his seventh ground of error, challenges the sufficiency of the evidence to establish that appellant did in fact make a sale of a dangerous drug. Hence, a brief summary of the evidence concerning the alleged sale is pertinent.

W. G. Bradford testified that on October 5, 1970, while working as an undercover agent with the Department of Public Safety, Narcotics Division, he went to the home of appellant in Lubbock, knocked on the door, and entered the house on the invitation of appellant's wife, Ann. Seconds later, appellant arrived. Shortly thereafter, in the presence of appellant, Ann asked Bradford if he had come for some "stuff." Upon being asked what she had, she answered the only thing left was "some reds." The price of the "reds" was discussed, and was fixed at seventy five cents each. He asked for twenty dollars worth. Ann then told appellant to go get some "reds," and he left the room and within a minute returned and handed Bradford 27 "reds." Bradford started to pay him the twenty dollars, appellant told him to pay Ann; so the money was handed to her. The three then had a brief conversation and Bradford left.

Proper chain of custody was established. A chemist from the laboratory of the Department of Public Safety identified the substance purchased by Bradford as a barbiturate, a dangerous drug.

Neither the defendant nor his wife testified, and there was no evidence disputing the testimony of the above named witness.

The above is sufficient to show a sale of barbiturate to the witness Bradford, as charged in the indictment, in which sale the appellant actively participated as a principal offender. His seventh ground of error is overruled.

■ By his sixth ground of error, appellant complains of the court refusing to submit to the jury his requested definition of the term "sale." The definition requested was "a transfer of personal property from one person to another for a consideration in money or property of an agreed value."

The term "sale" is a common word frequently used in the English language with a well-known meaning. Under the fact situation as reflected by the evidence set forth above, the term needed no definition in the court's charge, and it was not error to omit same. Fleming v. State, Tex.Cr.App., 423 S.W.2d 309; Wilson v. State, 103 Tex.Cr.R. 171, 280 S.W. 213; Cothren v. State, 139 Tex.Cr.R. 644, 141 S.W.2d 594; Ridinger v. State, 146 Tex.Cr.R. 286, 174 S.W.2d 319.

All of the other grounds of error concern the punishment phase of the trial.

The indictment, after charging the commission of the primary offense of sale of a barbiturate, alleged, for enhancement of the punishment, in accordance with Article 63, Vernon's Ann.P.C., two prior final convictions of felonies less than capital. It was alleged that appellant was, on February 26, 1962, in Cause No. 8146 in the 72nd District Court of Lubbock County, convicted of unlawful possession of marihuana, said conviction becoming final prior to the commission of the primary offense; and that prior thereto, on January 29, 1960, in Cause No. 7175 in the 140th District Court of Lubbock County, appellant was convicted of burglary of a motor vehicle, which conviction became final prior to the commission of the offense for which appellant was convicted in Cause No. 8146.

In his first, second and fourth grounds of error, appellant contends that the trial court erred in submitting the case to the jury under Article 63, V.A.P.C., because there was no evidence that the offense of which appellant was convicted in Cause No. 8146 occurred subsequently to the date of final conviction in No. 7175 and the court erred in admitting, over appellant's objection, hearsay evidence of the date of the commission of the offense in No. 8146.

■ The State placed in evidence the authenticated copies of the records of the Texas Department of Corrections relating to the two prior convictions, which included certified copies of the judgments and sentences, photographs and two sets of fingerprints. A fingerprint expert testified that such fingerprints were identical with prints taken from appellant. The indictment in the second conviction (No. 8146) charging the commission of the non-capital offense of unlawful possession of marihuana on or about November 3, 1961, was admitted in evidence. This is the approved method of proving prior convictions alleged for enhancement purposes. Allen v. State, Tex.Cr.App., 451 S.W.2d 484. It then became necessary that the State prove that the offense of which Cleveland was convicted in Cause No. 8146 was committed after the judgment in the first conviction, No. 7175, became final.

Lieutenant David G. White, of the Lubbock Police Department, testified that he was active in the investigation of the offense charged in Cause No. 8146 at the time of its commission. He stated that he did ascertain through said investigation the date of such offense. He testified further that he was in the courtroom during the trial of said Cause No. 8146 wherein this appellant was defendant. White confirmed that the date proved on the trial of No. 8146 as the date of the commission of the offense was the same as the date alleged in

the indictment, to-wit, November 3, 1961. He testified, in part, as follows:

"Q. (By Mr. Jackson[1]) I will show you what has been marked as State's Exhibit Number Four[2] and ask you if the date thereon, being November 3rd, 1961,[3] is the date that was shown on the trial of that case to be the date upon which the offense charged was committed?

"A. It was the same.

"Q. Was L. V. Cleveland present in the courtroom on the date of the trial of Cause No. 8146?

"A. He was.

"Q. And were you also?

"A. Yes, sir, I was."

■ The State may not supply proof of date of the commission of the offense resulting in the second prior conviction alleged for enhancement by offering only the indictment therein, for the indictment is not evidence of the date of the prior offense other than where a presumption of limitation may arise. Villareal v. State, Tex.Cr.App., 468 S.W.2d 837; Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697.

■ However, the testimony of the investigating officer was clearly sufficient, if believed by the jury, to show that the second prior conviction as alleged was for an offense committed after the first prior conviction had become final. Faulwell v. State, Tex.Cr.App., 447 S.W.2d 940; Mackie v. State, Tex.Cr.App., 367 S.W.2d 697; Gomez v. State, Tex.Cr.App., 365 S. W.2d 176; Broussard v. State, Tex.Cr. App., 363 S.W.2d 143.

■ Appellant's correlative contention that the court erred in admitting evidence from a statement given by the defendant without hearing evidence as to the voluntariness of the statement is unsubstantiated in the record and is without merit.

Appellant's first, second and fourth grounds of error are overruled.

Appellant's third ground of error reads that the trial court "erred in not charging the jury under the provisions of Article 63, V.A.P.C., if they so find that the defendant was not one and the same as the person convicted in Cause No. 7175, in the 140th District Court of Lubbock County, Texas."

■ It is incumbent on the State to establish the identity of appellant as the person who had been previously convicted. Doyle v. State, 140 Tex.Cr.R. 417, 145 S. W.2d 876; Franklin v. State, 154 Tex.Cr. R. 375, 227 S.W.2d 814. However, this opinion has already summarized evidence in the record sufficient to establish the identity of appellant as the person previously convicted in Cause No. 8146 and Cause No. 7175. In addition, the record reflects that the court properly charged the jury as to whether or not the defendant, appellant herein, was the same person convicted in Cause No. 8146 and Cause No. 7175. Consequently, the court's charge as to the identity of appellant contains no error. Appellant's third ground of error is overruled.

Further, in his fifth and eighth grounds of error, appellant complains that the trial court erred in submitting the case to the jury under the provisions of Article 63, V. A.P.C., because one of the convictions relied upon for enhancement was for a violation of the Narcotic Drug Act, V.A.P.C., Article 725b, and additionally that both prior convictions alleged and relied upon for enhancement had previously been used to enhance the prosecution against appellant.

1. The prosecuting attorney.

2. The indictment in Cause No. 8146.

3. The record establishes that the judgment of conviction in the prior cause No. 7175 became final prior to this date.

Appellant attempts to vitiate "habitual criminal" punishment by rendering either one or both of the prior convictions unavailable for enhancement purposes. Appellant relies on Heredia v. State, Tex.Cr. App., 468 S.W.2d 833. However, this Court in Heredia v. State, supra, at page 835, noted:

"A prior conviction for a violation of the Narcotic Drug Act is not available for use to enhance the punishment under either Article 62 or 63, V.A.P.C., for a subsequent violation of the Act, *because of the special enhancement provision of Article 725b, Sec. 23(1), V.A.P.C.* . . . " (Emphasis added.)

█ Contrary to appellant's contention, however, Heredia v. State, supra, does not control this case because the record reflects that the primary offense for which appellant was convicted by the jury was Sale of A Dangerous Drug, to-wit: barbiturate, which is an offense under the Dangerous Drug Act, Article 726d, V.A.P.C., not the Narcotic Drug Act, Article 725b, V.A.P.C. Unlike Heredia, supra, neither prior conviction alleged for enhancement was obtained under the same statute as the primary offense. Therefore, the special enhancement provisions set forth in the primary offense are not applicable in the case at bar.

█ Similarly, appellant relies on Gooden v. State, 140 Tex.Cr.R. 351, 145 S. W.2d 179, in support of his eighth ground of error. Although in Gooden v. State, supra, at 179, the Court stated that the same conviction cannot be twice used for enhancement purposes, the record before us shows that the prior case in which the two prior convictions had been used for enhancement had been reversed and remanded by this Court before the trial of the in-

stant case. See Cleveland v. State, Tex. Cr.App., 438 S.W.2d 807. Prior convictions may be used after a former mistrial reversal, or acquittal in which the prior conviction was set forth in the indictment for the purpose of enhancing punishment. Benedict v. State, 172 Tex.Cr.R. 570, 361 S.W.2d 373; Florez v. State, Tex.Cr.App., 479 S.W.2d 683; Sigler v. State, 143 Tex. Cr.R. 220, 157 S.W.2d 903; Mooring v. State, 158 Tex.Cr.R. 434, 256 S.W.2d 97; Green v. State, Tex.Cr.App., 435 S.W.2d 513.

Consequently, appellant's eighth ground of error is also without merit. Appellant's fifth and eighth grounds of error are overruled.

By the ninth ground of error, appellant complains of the court submitting the case to the jury and charging the jury under the provisions of Article 63, V.A.P.C., because the offense alleged in Cause No. 8146, in the 72nd District Court of Lubbock County, Texas, to-wit: Sale of a narcotic drug, to-wit: marihuana, may be a capital offense.

█ Although Article 725b, Section 23(c), V.A.P.C., may have been a capital offense upon a second subsequent conviction, it is not applicable. The judgment and sentence contained in the record reflect that the offense for which appellant was convicted in Cause No. 8146 was "sale of a narcotic drug, to-wit: marijuana, a non-capital offense." Article 725b, Section 23(b), supra. Therefore, the court did not err because Article 63, V.A.P.C., requires only that the felony conviction used for enhancement be a non-capital felony. Appellant's ninth ground of error is overruled.

Judgment affirmed.

Opinion approved by the Court.