

# NUMBER 13-11-00694-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**WILLIAM SMITH A/K/A
BILL SMITH,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION ON REMAND

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

This case is before us on remand. On November 13, 2014, this Court issued an opinion reversing appellant William Smith's conviction for driving while intoxicated—third offense,[1] *see* TEX. PENAL CODE ANN. §§ 49.04, (West, Westlaw through 2015 R.S.), a

---

[1] Appellant was previously convicted of two offenses relating to the operation of a motor vehicle while intoxicated: (1) On March 10, 2006, in Cause No. 63519, in the County Court at Law of San Patricio County, Texas; and (2) On March 28, 2008 in Cause No. 2007-9764-3 in the County Court at Law No. 3 of

third-degree felony enhanced to a habitual felony offender. *See id.* §§ 12.42, 49.09(b)(2) (West, Westlaw through 2015 R.S.); *Smith v. State*, ___ S.W.3d ___, ___, 2014 WL 5901759, at *1 (Tex. App.—Corpus Christi Nov. 13, 2014), *rev'd* ___ S.W.3d ___, 2016 WL 3193479 (Tex. Crim. App. June 8, 2016). On June 8, 2016, the Texas Court of Criminal Appeals vacated our judgment after concluding that appellant failed to preserve error concerning the admission of blood-test results. *See Smith v. State*, ___ S.W.3d ___, ___, 2016 WL 3193479, at **4–5 (Tex. Crim. App. June 8, 2016). The Court remanded the case "to consider appellant's remaining points of error." *Id.*

By his remaining issues, appellant complains: (1) the trial court erred by refusing to appoint a new attorney on the first day of trial; (2) the trial court erred by overruling objections to the fingerprint expert's opinions and admitting the two prior judgments into evidence; and (3) there was insufficient evidence to show the existence of two prior felony convictions charged in the indictment. After full consideration on remand, we affirm.

## I. FAILURE TO APPOINT NEW TRIAL COUNSEL[2]

By his first issue, appellant contends the trial court erred "by forcing appellant to trial with appointed counsel to whom appellant objected." Appellant's issue inquires whether appointed counsel had a duty to timely relay appellant's request for new counsel to the court and whether appellant is entitled to rely on appointed counsel in discharging

---

Nueces County, Texas.

[2] As this is a memorandum opinion on remand and the parties are familiar with the factual and procedural histories of this case, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.1. For a more detailed recitation of the factual and procedural backgrounds of this case, see *Smith v. State,* ___ S.W.3d ___, ___, 2014 WL 5901759, at *1 (Tex. App.—Corpus Christi Nov. 13, 2014) *rev'd* ___ S.W.3d ___, 2016 WL 3193479 (Tex. Crim. App. June 8, 2016). We have reordered appellant's issues on appeal for clarity.

his duties. Appellant, however, does not cite any authority that supports his argument for reversal based upon defense counsel's alleged duty to notify the trial court concerning appellant's desire for the appointment of other counsel.

## A. Standard of Review and Applicable Law

We review a trial court's ruling on a motion for withdrawal and replacement of appointed counsel under an abuse of discretion standard. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) (en banc). As expressed in *King*:

> [T]he right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice. Further, personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal. A trial court has no duty to search for counsel agreeable to the defendant.

*Id.* (citations omitted).

Once a trial court appoints an attorney to represent an indigent defendant, the defendant has been accorded the protections provided under the Sixth and Fourteenth Amendments to the United States Constitution and Article 26.04 of the Texas Code of Criminal Procedure; the defendant then carries the burden of proving entitlement to a change of counsel. *See* U.S. CONST. amend. VI, XIV; TEX. CODE CRIM. PROC. ANN. art. 26.04 (West, Westlaw through 2015 R.S.); *Barnett v. State*, 344 S.W.3d 6, 24 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976)); *see also Hill v. State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985); *Watkins v. State*, 333 S.W.3d 771, 775 (Tex. App.—Waco 2010, pet. ref'd); *Maes v. State*, 275 S.W.3d 68, 71 (Tex. App.—San Antonio 2008, no pet.) (defendant is responsible for "making the trial court aware of his dissatisfaction with counsel, stating his grounds for his dissatisfaction, and offering evidence in support of his complaint"). A defendant may

3

not wait until the day of trial to demand different counsel or to request counsel be dismissed so he may retain other counsel. *Webb*, 533 S.W.2d at 784; *Gilmore v. State*, 323 S.W.3d 250, 264 (Tex. App.—Texarkana 2010, pet. ref'd).

## B. Analysis

During a break in the State's first witness's testimony, appellant informed the trial court that "everything has happened so fast lately, and I really—I didn't feel that I was being represented in the way that I need to be." Appellant stated he was present in court under duress because he was not being represented in the manner that he preferred and that his attorney refused to "relieve himself" despite appellant's persistent requests. The record is otherwise silent in this regard. The trial court denied appellant's motion to dismiss his attorney and to appoint a new one, noting that the case was "seven months old" and that appellant had never written the trial court or in any manner communicated his alleged duress prior to that moment.

We conclude that appellant's conclusory and untimely claim that his attorney was not satisfactorily representing him did not show appellant was entitled to a change of counsel. *See Hill*, 686 S.W.2d at 187; *Watkins*, 333 S.W.3d at 775; *Maes*, 275 S.W.3d at 71. The trial court did not abuse its discretion by denying his day-of-trial request. *See Webb*, 533 S.W.2d at 784; *Gilmore*, 323 S.W.3d at 264. We overrule appellant's first issue.

## II. ADMISSIBILITY OF FINGERPRINT EVIDENCE

By his second issue, appellant argues the trial court erred by "overruling objections to the opinions of the fingerprint expert and admitting prior judgments into evidence." Appellant complains that the fingerprint expert gave mere summary testimony regarding

general matching characteristics. Specifically, appellant complains that the expert's testimony failed to adequately demonstrate the following: (1) the particular techniques the expert used and the techniques' acceptance in the community to establish reliability; and (2) the specific matching markings that the expert found to identify fingerprints.

## A. Standard of Review

The admission of expert testimony is reviewed on appeal for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010) (citing *Lagrone v. State*, 942 S.W.2d 602, 616 (Tex. Crim. App. 1997)). Texas Rule of Evidence 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." TEX. R. EVID. 702. Under Rule 702, it is the trial court's responsibility to determine whether proffered scientific evidence is sufficiently reliable and relevant to assist the jury. *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005); *Jackson v. State*, 17 S.W.3d 664, 670 (Tex. Crim. App. 2000).

The proponent of scientific evidence must persuade the trial court through clear and convincing evidence that the proposed evidence is reliable by establishing: (1) the underlying scientific theory is valid; (2) the technique applying the theory is valid; and (3) the technique was properly applied on the occasion in question. *Somers v. State*, 368 S.W.3d 528, 536 (Tex. Crim. App. 2012); *Kelley v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992).

## B. Pertinent Facts

### 1. Guilt-Innocence Phase

Nueces County Sheriff's Deputy Fred Flores testified that he was a fingerprint identification expert with extensive training and experience. Deputy Flores explained that he compared known fingerprints taken from appellant with fingerprints found in State's Exhibit 4 containing two prior DWI convictions. Without objection, Deputy Flores testified, "Based on the comparison of the fingerprints on Exhibit No. 4 to the known fingerprints that I took . . . of [appellant] this morning, they are one in [sic] the same individual[.]"

The State moved to admit Exhibit 4, at which time appellant took Deputy Flores on voir dire to question him concerning his fingerprint comparison. Deputy Flores then explained that he identified appellant's fingerprints by comparing "numerous ridge endings, cores, deltas, bifurcations, converging ridges, mostly deltas." Appellant objected to the introduction of State's Exhibit 4, arguing that Deputy Flores's opinion regarding the fingerprint comparison was not "rationally based upon human perception." The trial court overruled the objection and admitted State's Exhibit 4.

### 2. Sentencing Phase

During the sentencing phase, Deputy Flores testified concerning fingerprints found in judgments for two prior felony convictions, labeled State's Exhibits 5 and 6. He testified that he received "pen packets" from the "Texas Department of Corrections" which contained a judgment, sentence, photograph and fingerprints of "[appellant] or individual that was processed and housed at the unit." Deputy Flores testified that the fingerprints in the "pen packets" matched known fingerprints taken from appellant. Without objection

6

Deputy Flores stated, "After comparing the known fingerprints of [appellant] to the pen packets in Exhibits 6 and 5, it was determined based on that . . . comparison, that they're one in [sic] the same individual, [appellant]."

On cross-examination, Deputy Flores explained that he compared "ridge characteristics, bifurcation, converging ridges, diverging ridges, cores, deltas, ridge endings, and dots." He further testified as follows regarding his comparison of those characteristics:

> All—all those factors were in those fingerprints, the cores, the deltas; and then, of course, you go back and forth from the known prints to the—to the exhibits until you make a determination as to whether they're one and the same, and you—you find a specific point on the fingerprint and then go from one exhibit to the other until you find sufficient number of characteristics that determine that it's one in [sic] the same.

The State moved to admit Exhibits 5 and 6. Appellant objected, arguing that "the testimony wasn't specific enough regarding the comparison points, plus there's no written reports." The trial court overruled appellant's objection and admitted the exhibits.

## C. Preservation

At trial, appellant objected to the admission of State's Exhibits 4, 5, and 6. On appeal, appellant's issue focuses on Deputy Flores's testimony. Appellant principally complains "there is no evidence from which the trial court could determine the technique or methodology applying the theory was valid or [that] the technique was properly applied in this case."

A complaint is not preserved for appeal unless it was made to the trial court by a timely request, objection or motion that stated the grounds for the ruling that the complaining party sought from the trial court. *Resendez v. State*, 306 S.W.3d 308, 312

(Tex. Crim. App. 2009) (citing TEX. R. APP. P. 33.1(a)(1)(A)).   A "point of error on appeal must comport with the objection made at trial."   *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005).

Deputy Flores testified, without objection, regarding his comparison of appellant's fingerprints with those fingerprints in the various exhibits.   Appellant had the opportunity to cross-examine Deputy Flores, but he never objected to his testimony.   Instead, appellant objected to the admission of State's Exhibits 4, 5, and 6.   Appellant's objections at trial do not comport with his argument on appeal.   *See Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (holding that the "legal basis of a complaint raised on appeal cannot vary from that raised at trial").   Appellant's issues therefore have not been preserved for appellate review.   *See* TEX. R. APP. P. 33.1.

**D.    Analysis**

However, even if appellant preserved his challenge to Deputy Flores's testimony, we would not find error occurred under the facts of this case.   The Texas Court of Criminal Appeals has held that fingerprint comparison testimony is generally admissible "because it is reliable and it assists the trier of fact in its task of determining whether a latent fingerprint is that of a particular person."   *Russeau*, 171 S.W.3d at 883.   Appellant complains generally about Deputy Flores's fingerprint comparison testimony, but he fails to explain how Deputy Flores's technique was not valid or how Deputy Flores's application of the technique was incorrect.   *See Somers*, 368 S.W.3d at 536.   We note that Deputy Flores described multiple distinct fingerprint patterns used in his analysis and testified that the fingerprints in question matched the known fingerprints taken from appellant. Based on this testimony, the trial court did not abuse its discretion in overruling appellant's

subsequent objection to the admission of State's Exhibits 4, 5, and 6.[3]  *See Russeau*,

171 S.W.3d at 883; *see also Dominguez v. State*, No. 08-13-00143-CR, 2015 WL

1137742, at *4 (Tex. App.—El Paso Mar. 11, 2015, no pet.) (mem. op., not designated

for publication) (trial court did not abuse its discretion allowing expert fingerprint testimony

where witness "described three distinct fingerprint patterns used in the analysis (loops,

whorls, and arches) and testified that he found a match in the whorls found on [the

defendant's] right thumb prints").   We overrule appellant's second issue.

### III. SUFFICIENCY OF EVIDENCE TO PROVE PRIOR FELONIES

By his third issue, appellant argues the evidence is insufficient to show that he

committed the two prior felonies alleged in the indictment.

## A.  Standard of Review and Applicable Law

"The standard for determining whether the evidence is legally sufficient to support

a conviction is 'whether, after viewing the evidence in the light most favorable to the

prosecution, *any* rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt.'"   *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim.

App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original);

*see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.).   The

fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be

given to their testimony.   *Brooks*, 323 S.W.3d at 899; *Lancon v. State*, 253 S.W.3d 699,

---

[3] We also note that the challenged exhibits contain certified copies of a judgment and sentence, which are admissible pursuant to Texas Rule of Evidence 901 as a certified copy of a public record.   *See* TEX. R. EVID. 901(b)(7*); Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986).   However, such documents, standing alone, are not sufficient to prove a prior conviction.   *Beck*, 719 S.W.2d at 210. Whether the State has linked a defendant to a prior conviction is reviewed under a sufficiency of the evidence standard, which we discuss later in this opinion in addressing appellant's third issue.

707 (Tex. Crim. App. 2008). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). We resolve any inconsistencies in the testimony in favor of the verdict. *Bynum v. State*, 767 S.W.2d 769, 776 (Tex. Crim. App. 1989) (en banc).

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id.* A certified copy of a final judgment and sentence is one method of proving them. *See id.* The factfinder "fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece," looking to the totality of the evidence to determine whether both elements are proven beyond a reasonable doubt. *Id.* at 923.

## B. Analysis

The State alleged in the indictment that appellant had two prior convictions: (1) "Burglary of a Habitation, on June 7, 1989, in Cause No. 88-CR-1586-A," from the 28th District Court of Nueces County; and (2) "Burglary of a Habitation, on February 19, 1992, in Cause No. 2870-1" from the 156th District Court of Live Oak County, Texas. During the sentencing phase, the trial court admitted State's Exhibit Numbers 3, 5, and 6. State's Exhibit 3 was a fingerprint card with appellant's prints that Deputy Flores took from appellant. State's Exhibits 5 and 6 were the earlier judgments' "pen packs."

State's Exhibit 5 contained a certified copy of a felony conviction and sentence for burglary of a habitation in cause number 2870-1, rendered by the 156th District Court of Live Oak County, Texas on February 19, 1992. The defendant's name on the judgment

10

is "William Perry Smith," and the exhibit included pictures of the defendant and his fingerprints. State's Exhibit 6 contained certified copies of two judgments, including a felony conviction and a sentence for burglary of a habitation in cause number 88-CR-1586-A, rendered by the 28th District Court of Nueces County, Texas on June 7, 1989. The defendant in the judgment is "William Smith," and the exhibit included the defendant's picture and his fingerprints. Deputy Flores testified that "[a]fter comparing the known fingerprints of the Defendant William Bill Smith [appellant] to the pen packets in Exhibits 6 and 5, it was determined based on . . . that comparison, that they're one in the same individual, William Bill Smith."

Texas law has long recognized that matching an accused's fingerprints to a set of fingerprints in a "pen packet" is sufficient to prove the accused is the person convicted in the prior conviction. *See Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1984) (en banc); *Cole v. State*, 484 S.W.2d 779, 784 (Tex. Crim. App. 1972); *Allen v. State*, 451 S.W.2d 484, 484 (Tex. Crim. App. 1970); *Williams v. State*, 356 S.W.3d 508, 517 (Tex. App.—Texarkana 2011, pet. ref'd); *Cleveland v. State*, 814 S.W.2d 140, 142 (Tex. App.—Houston [14th Dist.] 1991, no pet.); *Lancaster v. State*, 734 S.W.2d 161, 165 (Tex. App.—Fort Worth 1987, pet. ref'd). Additionally, allowing the factfinder to compare photographs included in pen packets with the defendant can alone be sufficient to prove that the defendant is the same person as the one in the photograph. *Forward v. State*, 406 S.W.3d 601, 606 (Tex. App.—Eastland 2013, no pet.) (citing *Littles*, 726 S.W.2d at 31–32).

After viewing the evidence in the light most favorable to the prosecution, we hold that a rational factfinder could have found that two prior convictions existed and that

appellant was the person convicted.   *See Johnson*, 364 S.W.3d at 293–94.   We overrule

appellant's third issue.

## IV. Conclusion

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
15th day of December, 2016.

12